IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVESTER ESTES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1012 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

State inmate Sylvester Estes, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the denial of street time credit following revocation of his parole in 2006. Federal courts are authorized to dismiss federal habeas petitions where it plainly appears that the petitioner is not entitled to relief. See 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

After reviewing the petition and the applicable law, the Court DISMISSES this habeas petition for the reasons that follow.

*Background and Claims*

Petitioner reports that he was convicted of murder with malice aforethought in 1972 and sentenced to 100 years confinement. He states that he was released to parole in 1986, 1989, and again in 2004, and was arrested on a parole violation on December 16, 2006. He

complains that he is being denied credit for the nearly seven years' out-of-custody street time he accumulated during his three unsuccessful paroles.

Petitioner acknowledges that Texas Government Code section 508.283(c) legally and factually precludes his right to out-of-custody street time credit following his unsuccessful parole. His claims here focus instead on the alleged unconstitutionality of that statute, and on the denial of his alleged right to counsel in 2004 for purposes of signing his conditions of parole.

Petitioner requests the Court to order prison officials to credit him for his out-of-custody street time and to correct the time remaining on his sentence.

*Statute of Limitations*

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Public state court records reveal that the Texas Court of Criminal Appeals denied petitioner's application for state habeas relief regarding the denial of his street time credit on September 23, 2009. *Ex parte Estes*, WR-05,606-03. Petitioner did not file the instant federal habeas petition until March 14, 2011. Thus, even assuming petitioner's one year limitation commenced as late as September 23, 2009, and expired one year later on September 23, 2010, this federal petition is untimely.

Nevertheless, the Court dismisses this petition because it fails to state a cognizable federal habeas claim, as follows.

*No Cognizable Federal Habeas Claim*

Petitioner contends that section 508.283(c) is unconstitutional in that it violated his federal constitutional protections against cruel and unusual punishment, violated the separation of powers clause, caused his sentence to be executed in unlawful installments,

and unlawfully altered and extended his sentence. He further asserts that he was denied his right to the advice of counsel in 2004 prior to signing his conditions of parole.

None of petitioner's arguments presents a cognizable federal habeas claim. The Fifth Circuit has long held that there is no right to counsel at parole application proceedings, and that the signing of a parole agreement is not a part of a criminal prosecution requiring counsel. *Cruz v. Skelton*, 543 F.2d 86, 88-89 (5th Cir. 1976). Further, petitioner's argument based on separation of powers concerns state branches of government, and does not implicate the federal separation of powers doctrine. *See Sweezy v. New Hampshire*, 354 U.S. 234, 255 (1957); *see also Attwell v. Nichols*, 608 F.2d 228, 230 (5th Cir. 1979).

Petitioner's assertion that he is being required to serve his sentence in installments likewise fails. Although the Fifth Circuit has recognized the "common law rule that a prisoner is entitled to credit for time served when he is incarcerated discontinuously through no fault of his own," *see Free v. Miles*, 333 F.3d 550, 554 (5th Cir. 2003), any interruption in petitioner's sentence in the instant case was a direct consequence of his violating the terms of his parole. Because the parole revocations were directly attributable to petitioner's own actions, the *Miles* prohibition against serving sentences in installments is inapplicable. Nor does petitioner's "loss" of street time credit constitute cruel and unusual punishment or unlawfully alter and extend his sentence; requiring a prisoner to serve his assessed sentence in a manner consistent with Texas law is not unconstitutional. *See Rummel v. Estelle*, 445

U.S. 263, 268-69 (1980). Petitioner provides no relevant, applicable authority to the contrary.

*Conclusion*

The petition is DISMISSED for failure to state a cognizable federal habeas claim. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on April 13, 2011.

_____
Gray H. Miller
United States District Judge